RECEIVED

2007 FEB -9  A 9 22

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| CHARTER CONSTRUCTION | ) | |
| MANAGEMENT COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 3:07 cv 125 -WKW |
| v. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| CANNON LIGHTING, LLC, | ) | |
| d/b/a CANNON LIGHTING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and shows unto this Honorable Court as follows:

1. Plaintiff, Charter Construction Management Company, Inc. ("Charter"), is an Alabama corporation with its principal place of business in Lee County, Alabama.

2. Defendant, Cannon Lighting, LLC ("Cannon"), is Georgia limited liability company with its principal place of business in Alma, Georgia.

3. At all times material hereto, Cannon did business in Alabama through the selling of lighting fixtures to Charter.

4. Diversity jurisdiction in this Court exists because the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332 and the parties

1

are completely diverse.

5.     Pursuant to 28 U.S.C. § 1391(a), venue is proper with this Court based upon
       Cannon's intentional and continuous contacts with Charter related to the facts at
       issue.

6.     Charter is the general contractor on a commercial construction project ("Cabana
       West") in Panama City, Florida.

7.     Charter contracted with Cannon to supply light fixtures necessary for Cabana West.

8.     On or about November 21, 2005 until about March 2006, pursuant to Purchase
       Orders totaling approximately Three Hundred Thousand Dollars ($300,000.00)
       Charter, Cannon delivered light fixtures to Charter for Cabana West.

9.     At each delivery, a Cannon employee acting within the scope of employment
       represented that the delivered good complied with Charter's purchase orders.

10.    After each delivery, Charter received an invoice for the goods delivered. The
       invoices also represented that the delivery complied with the purchase order.

11.    Charter paid each Cannon invoice in full and in a timely fashion. Payments made by
       Charter were made in reliance on the accuracy of the oral representations made by
       Cannon and the accuracy of the invoices submitted.

12.    On or about March 10, 2006, Charter sent a facsimile to Cannon explaining that
       previous deliveries and invoices did not actually contain the light fixtures that

2

Cannon represented were in the deliveries and invoices.

13.     On or about March 14, 2006, Charter sent a "Notice to Comply" facsimile to Cannon and requested "better communication" and explained that the invoices do not represent the materials actually delivered.

14.     On or about June 21, 2006, Charter sent a facsimile transmission to Cannon informing Cannon that their production level was causing Charter to fall behind on a project, specifically the Cabana West project.

15.     Based on Charter's audit of the light fixtures actually delivered, there are approximately Thirty Four Hundred (3,400) light fixtures outstanding with a value of approximately Ninety-Eight Thousand Four Hundred Twenty-Six Dollars and Twenty-Nine Cents ($98,426.98), which sum has already been paid to Cannon.

16.     Pursuant to communications regarding such shortfalls, on or about September 21, 2006, Cannon Lighting sent a facsimile transmission to Charter recognizing that at least 3,215 lights and light fixtures were still outstanding.  In other words, Cannon owed Charter for at least 3,215 lights and light fixtures totaling approximately Ninety Eight Thousand Four Hundred Twenty-Six Dollars and Twenty-Nine Cents ($98,426.29).

17.     In response to continued communications and demands by Charter for refund or performance, on or about September 28, 2006, Cannon Lighting sent a representative

to the Cabana West job site and thereafter sent another facsimile transmission to Charter and again indicated that over approximately Two Thousand Eight Hundred Seventy-Two (2,872) lights and fixtures were outstanding, worth approximately Ninety Eight Thousand Four Hundred Twenty-Six Dollars and Twenty-Nine Cents ($98,426.29).

18.     On or about November 14, 2006, counsel for Charter sent a demand letter to Cannon regarding the outstanding balances on the Charter / Cannon account, which were estimated by Charter to be One Hundred Nineteen Thousand Thirty-Two Dollars and Seventy-Nine Cents ($119,032.79).

19.     On or about November 15, 2006, Cannon sent a letter to Charter and endeavored to take another inventory of the lights and light fixtures that are outstanding and to remedy the problem by December 1, 2006.

20.     On or about November 15, 2006, Cannon sent a letter to Charter acknowledging receipt of a demand letter from Charter's counsel and promising to have all outstanding products "on site by 11/24/06 or pay any open amounts that remain 'overpaid'".

21.     As of the date of this filing, Cannon has not complied with its November 15, 2006 letters and there is approximately Seventy-Two Thousand Four Hundred Twenty-Six Dollars and Twenty-Nine Cents ($72,426.29) outstanding, excluding interest.

4

## COUNT I

### Breach of Contract

22.    Plaintiff incorporates all of the allegations heretofore made.

23.    There was a verbal agreement between two merchants as defined in § 7-2-104 of the Code of Alabama 1975, whereby Cannon agreed that the goods actually delivered complied with the Purchase Order and the Invoice subsequently delivered and paid.

24.    There was a written Vendor Agreement between Charter and Cannon, whereby Cannon agreed to deliver materials to Charter and provide a receiving slip with the delivery.

25.    Cannon never presented receiving slips to Charter upon deliveries pursuant to Purchase Orders and the Vendor Agreement.

26.    Pursuant to the Vendor Agreement, Cannon was to correct any mistakes in the invoices and make deductions to the invoice and Charter's account. However, Cannon has not done so.

27.    Charter has repeatedly inspected the goods delivered to confirm outstanding goods, has attempted to effect cover, and has incurred substantial expenses attempting to recover funds paid to Cannon.

28.    Pursuant to the Vendor Agreement, goods when goods were not delivered on the agreed upon date, Cannon agreed to pay Charter Five Hundred Dollars ($500.00) per

5

day, until the goods are delivered.

29.    In some instances, pursuant to Code of Alabama 1975 § 7-2-712, Charter attempted to "cover" and incurred expenses attempting to obtain substitute means of acquiring the goods promised and paid for by Charter.

30.    Pursuant to Code of Alabama 1975 §§ 7-2-607, 7-2-714, Charter informed Cannon of breach in regard to the goods delivered and paid for and is due to recover all incidental and consequential damages resulting from Cannon's breach. *See also* Code of Alabama 1975 § 7-2-715.

31.    At the time both parties executed the Vendor Agreement it was contemplated that due to circumstances surrounding the Cabana West project liquidated damages for delinquent deliveries would be set at Five Hundred Dollars ($500) per day.

32.    **WHEREFORE,** the premises considered, pursuant to the Vendor Agreement and Code of Alabama 1975 § 7-2-717, Cannon is liable for liquidated damages in the amount of Five Hundred Dollars ($500) per day counted from October 4, 2006 and currently totaling over Fifty Six Thousand Dollars ($56,000.00).

33.    **WHEREFORE,** the premises considered, because Charter paid for goods represented in the invoices and by Cannon representatives upon delivery, but did not actually receive all of the goods represented, Charter is due the remaining balance of approximately Seventy-Two Thousand Four Hundred Twenty-Six Dollars and Twenty-Nine Cents ($72,426.29).

6

## COUNT II

### Suppression of Material Facts - Code of Alabama § 6-5-102.

34.    Plaintiff incorporates all of the allegations heretofore made.

35.    Canon and its employees, suppressed material facts regarding the goods delivered to

Charter and the goods represented on the invoices. Cannon was under an obligation

to communicate these suppressed facts and failure to do so damaged Charter, to wit,

Charter was required to pay an excessive price for the deliveries received; the Cabana

West project was delayed causing loss of sales and construction loan interest; and

Charter paid for goods it did not receive.

36.    **WHEREFORE,** the premises considered, Charter demands judgment in its favor

against Cannon for compensatory and punitive damages in an amount in excess of

$100,000.00 to be determined by a struck jury which exceeds the jurisdictional

requirements of this Court, with costs taxed to Cannon.

## COUNT III

### Deceit - Code of Alabama §§ 6-5-103, 104

37.    Charter incorporates all of the allegations heretofore made.

38.    Canon made wilful misrepresentations of material facts regarding the quantity of

goods delivered and invoiced and had knowledge of the falsehood in making said

misrepresentations of material facts and/or recklessly or fraudulently represented the

facts as true which Cannon may not have known to be false but was intended to

7

deceive in any event.

39.     As a proximate result of the deceit of Cannon, Charter was caused to suffer damages, to wit, Charter was required to pay an excessive price for the deliveries received; the Cabana West project was delayed causing loss of sales and construction loan interest; and Charter paid for goods it did not receive.

40.     **WHEREFORE,** the premises considered, Charter demands judgment in its favor against Cannon for compensatory and punitive damages in an amount in excess of $100,000.00 to be determined by a struck jury which exceeds the jurisdictional requirements of this Court, with costs taxed to Cannon.

## COUNT IV

### Negligence

41.     Charter incorporates all of the allegations heretofore made.

42.     Cannon negligently failed to provide Charter with the goods represented by Cannon at delivery and on invoices. As a proximate cause, Charter was injured and damaged in that Charter was required to pay an excessive price for the goods actually delivered; the Cabana West project was delayed causing loss of sales and construction loan interest; and Charter paid for goods it did not receive.

43.     **WHEREFORE,** the premises considered, Charter demands judgment in its favor against Cannon for compensatory and punitive damages in an amount in excess of $100,000.00 to be determined by a struck jury which exceeds the jurisdictional

requirements of this Court, with costs taxed to Cannon.

## COUNT V

### Wantonness

44.    Charter incorporates all of the allegations heretofore made.

45.    Cannon, wantonly injured Charter by representing to Charter at the time of delivery and in the invoices that the delivery contained more light fixtures than they actually contained and as a proximate result of said wantonness Charter was injured, to wit, Charter was required to pay an excessive price for the deliveries received; the Cabana West project was delayed causing loss of sales and construction loan interest; and Charter paid for goods it did not receive.

46.    **WHEREFORE,** the premises considered, Charter demands judgment in its favor against Cannon for compensatory and punitive damages in an amount in excess of $100,000.00 to be determined by a struck jury which exceeds the jurisdictional requirements of this Court, with costs taxed to Cannon.

## COUNT VI

### Negligent Misrepresentation

47.    Charter incorporates all of the allegations heretofore made.

48.    Cannon negligently represented that the deliveries and invoices sent to Charter included all of the goods ordered and paid for by Charter.  As a proximate result of such negligent misrepresentation, Charter was injured, to wit, Charter was required

9

to pay an excessive price for the deliveries received; the Cabana West project was delayed causing loss of sales and construction loan interest; and Charter paid for goods it did not receive.

49.    **WHEREFORE,** the premises considered, Charter demands judgment in its favor against Cannon for compensatory and punitive damages in an amount in excess of $100,000.00 to be determined by a struck jury which exceeds the jurisdictional requirements of this Court, with costs taxed to Cannon.

## COUNT VII

### Fraud in the Inducement

50.    Charter incorporates all of the allegations heretofore made.

51.    Canon made wilful misrepresentations of material facts regarding the quantity of goods delivered and invoiced and had knowledge of the falsehood in making said misrepresentations of material facts and/or recklessly or fraudulently represented the facts as true which Cannon may not have known to be false but was intended to deceive in any event.

52.    As a proximate result of the deceit of Cannon, Charter was induced to pay monies to Cannon and caused to suffer damages, to wit, Charter was required to pay an excessive price for the deliveries received; the Cabana West project was delayed causing loss of sales and construction loan interest; and Charter paid for goods it did not receive.

10

53.   **WHEREFORE,** the premises considered, Charter demands judgment in its favor against Cannon for compensatory and punitive damages in an amount in excess of $100,000.00 to be determined by a struck jury which exceeds the jurisdictional requirements of this Court, with costs taxed to Cannon.

## COUNT VIII

### Negligent Supervision and Training of Employees

54.   Charter incorporates all of the allegations heretofore made.

55.   Cannon knew or had reason to know that its employees were likely or at risk to make misrepresentations to Charter regarding the quantities of goods delivered and invoiced and the ability of Cannon to deliver same.

56.   Cannon failed to properly train its employees to prevent the type of misrepresentation that occurred in the present case.

57.   As a proximate result of Cannon's negligent supervision and training of employees, Charter was injured, to wit, Charter was required to pay an excessive price for the deliveries received; the Cabana West project was delayed causing loss of sales and construction loan interest; and Charter paid for goods it did not receive.

58.   **WHEREFORE,** the premises considered, Charter demands judgment in its favor against Cannon for compensatory and punitive damages in an amount in excess of $100,000.00 to be determined by a struck jury which exceeds the jurisdictional

11

requirements of this Court, with costs taxed to Cannon.

**Plaintiff demands trial by struck jury.**

**VERIFICATION**

STATE OF ALABAMA          )
LEE COUNTY                     )

I, the undersigned, being the President of Charter Construction Management Co., Inc.,do hereby certify that I have read and examined the foregoing Complaint and that the statements therein are true and correct to the best of my knowledge and belief.

_____
Miles Hill

Before me the undersigned, a Notary Public, in and for said County and State, personally appeared Miles Hill, who under oath swore that the matters contained in the foregoing are true and correct to the best of her knowledge and belief.

SWORN TO AND SUBSCRIBED before me this the 6th day of February, 2007.

[seal]

_____
Notary Public
My commission expires: 3/9/10

Dated: _Feb. 6, 2007_

_____
Russell C. Balch (BAL025) rbalch@akridgebalch.com
John E. Searcy, Jr. (SEA029) jsearcy@akridgebalch.com
AKRIDGE & BALCH, P.C.
Attorneys for Plaintiff
730 N. Dean Road, Suite 300
P.O. Drawer 3738
Auburn, AL 36831-3738
(334) 887-0884

12