IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARTER CONSTRUCTION MANAGEMENT COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.  3:07-CV-00125-MHT-WC ) ) |
| CANNON LIGHTING, LLC. d/b/a CANNON LIGHTING, INC. | ) ) ) |
| Defendant. | ) ) |

## Motion to Dismiss, or in the Alternative, Motion to Transfer Venue

Defendant Cannon Lighting, LLC ("Cannon") moves the Court to dismiss this matter or, in the alterative, moves to transfer venue based on the doctrine of forum non conveniens.  In support of this motion, Cannon respectfully shows as follows:

### Procedural History

On February 9, 2007, Plaintiff Charter Construction Management Company, Inc. ("Charter") filed its Complaint against Defendant Cannon Lighting, LLC ("Cannon") in the Eastern Division of the Middle District of Alabama alleging breach of contract among other claims.  Cannon was served with Charter's Complaint on March 30, 2007.

Charter is an Alabama corporation doing business in Lee County, Alabama. (See Complaint, ¶ 1). Cannons a Georgia limited liability company, with its principal place of business in Bacon County, Georgia, and doing business in Bay County, Florida. (See supporting Declaration attached as "Exhibit 1"). From a factual standpoint, the Complaint alleges that Charter supplied light fixtures for a commercial construction project known as "Cabana West Project" (the "Project") located in Bay County, Florida. (See Complaint, ¶ 7). The Complaint further alleges that Cannon has breached its contract with Charter by failing to deliver light fixtures in accordance with the terms of the contract. (See Complaint, ¶¶ 22-33).

## Legal Argument

**A.  The Complaint should be dismissed because this Court lacks personal jurisdiction over Cannon.**

This Court should dismiss the claims against Cannon because it would offend federal due process for this Court to exercise jurisdiction over Cannon. Under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing a prima facie case for in personam jurisdiction. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). The Due Process Clause protects a person's liberty interest in not being subject to the binding judgments of a forum with which the person has established no

meaningful "contacts, ties or relations." International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945).

Under the International Shoe due-process standard, a court must undertake a two-prong analysis in considering jurisdiction over a non-resident defendant. First, the court must determine whether a defendant has purposefully established minimum contacts with the forum state. If the court concludes that such purposeful minimum contacts exist, then the court must then decide if the contacts are such that "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' " Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). As will be demonstrated below, it is patently clear that neither prong of the test is satisfied in the case at bar. Consequently, it would violate the Due Process Clause for this Court to exercise personal jurisdiction over the Cannon.

Cannon lacks the minimum contacts with the State of Alabama required by International Shoe for this Court to constitutionally exercise personal jurisdiction over Cannon. In order for a state to have personal jurisdiction over a non-resident, the Due Process Clause of the United States Constitution requires that the non-resident have enough contacts with the state "such that the nonresident defendant 'should reasonably anticipate being haled into court' in the forum state." Elliot v. Van Kleef, 830 So. 2d. 726, 730 (Ala. 2002) (quoting Burger King, 471 U.S. at 473).

Specifically, the plaintiff must show that the defendant has purposefully established "minimum contacts" with the jurisdiction "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Quill Corp. v. North Dakota By and Through Heitkamp, 504 U.S. 298, 307 (1992) (internal quotations omitted) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Accordingly, in order to exercise personal jurisdiction over a non-resident defendant, the Court must conclude (1) that the non-resident defendant has purposely established the requisite "minimum contacts" with Alabama, and (2) that requiring the non-resident defendant to defend the suit in an Alabama court would not offend "traditional notions of fair play and substantial justice." See Ex parte Lagrone, 839 So. 2d 620, 628 (Ala. 2002). In this sense, the Due Process Clause ensures a "degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will or will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

"Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts." Elliot, 830 So. 2d at 730 (internal quotations omitted). General contacts, which give rise to general personal jurisdiction, consist

of a non-resident's contacts which are "unrelated to the cause of action and that are both continuous and systematic." Id. (internal quotations omitted). In the present case, Cannon is not subject to general jurisdiction because it has no "continuous and systematic" contacts with Alabama. Cannon owns no property in Alabama, it has no employees in Alabama, and it has not sold any products or derived any revenue from the sale of any products in Alabama. It is clear, therefore, that general personal jurisdiction is not available as to Cannon.

Where, as here, there are clearly no grounds for the exercise of general jurisdiction, the Court must assess the specific contacts between the non-resident and the forum state which relate to the events forming the basis of the Complaint. Elliot, 830 So. 2d at 730. Specific contacts "must come about by an action of the defendant purposefully directed toward the forum State." Burger King, 471 U.S. at 472. This requirement of "purposeful availment," or "express aiming," is designed to assure that a defendant "will not be haled into a jurisdiction as a result of the unilateral activity of another person." Elliot, 830 So. 2d at 731. Thus, the defendant's contacts must be such that he has "fair warning" that a particular activity may subject him to jurisdiction in that state. Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc., 207 F.3d 1351, 1356 (11th Cir. 2000) (citing Burger King, 471 U.S. at 472).

To constitute minimum contacts for purposes of personal jurisdiction, a defendant's contacts with the forum state must satisfy three criteria: (1) the contacts must be related to the plaintiff's cause of action or have given rise to it; (2) the contacts must involve some act by which the defendant purposefully availed itself of some privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws; and (3) the contacts must be such that the defendant should reasonably anticipate being haled into court in the forum. LaSalle Bank v. Mobile Hotel Props., 274 F. Supp. 2d 1293, 1297 (S.D. Ala. 2003); see also World-Wide Volkswagen, 444 U.S. at 298); Int'l Shoe Co. v. Washington, 326 U.S. at 316.

The plaintiff bears the burden of proving that the court has personal jurisdiction over a non-resident defendant. Bracewell v. Nicholson Air Services, Inc., 748 F.2d 1499, 1503 (11th Cir.1984). However, in the present case, no specific contacts by Cannon and Charter in the State of Alabama are alleged to have occurred, much less contacts of such a nature that would subject Cannon to personal jurisdiction before an Alabama court under either general jurisdiction or specific jurisdiction. A substantial part, if not all, of the events giving rise to Charter's claims occurred in Florida. (Exhibit 1, ¶¶ 2, 11, & 14). Thus, Cannon does not have the necessary minimum contacts with Alabama to give this state personal jurisdiction over Cannon. Accordingly, the Complaint should be dismissed.

**B.    The Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(3) on the basis that venue is improper.**

Venue for actions filed on the basis of diversity are governed by 28 U.S.C. § 1391(a) which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, <u>if there is not district in which the action may otherwise be brought</u>.

(Emphasis added).

Venue serves the purpose of protecting a defendant from the inconvenience of having to defend an action in trial court that is either remote from defendant's residence or from place where the acts underlying the controversy occurred. <u>VE Holding Corp. v. Johnson Gas Appliance Co.</u>, 917 F.2d 1574, 1576 (Fed. Cir. 1990), <u>cert. denied</u>, 499 U.S. 922, 111 S. Ct. 1315, L. Ed. 248 (1991).  Where venue is challenged by a defendant, the plaintiff bears the burden of proving that the venue is proper in the forum state.  <u>Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison</u>, No. 92 Civ. 9002 (KMW), 1994 WL 74860, at *3, (S.D. N.Y.  Mar. 7, 1994).

In this case, Cannon is not a resident of the State of Alabama. (Exhibit 1, ¶ 2). Further, neither a substantial part of the events or omissions giving rise to Charter's Complaint nor a substantial part of property that is the subject of the action is situated in the State of Alabama. (Exhibit 1, ¶¶ 11 & 14). Consequently, Cannon is subject to venue in Alabama only if there is personal jurisdiction over Cannon in Alabama <u>and</u> "there is no district in which the action may otherwise be brought." 28 U.S.C.A. § 1391(a)(3). Since Cannon's place of business is located in Georgia, and Cannon is therefore subject to jurisdiction in Georgia, there exists an alternative venue where the action could have been brought. In other words, in accordance with the venue statute and the circumstances of this case, venue is only proper in the district where the defendant resides or the district where a substantial part of the events or omissions occurred.

Cannon is a Georgia limited liability company with its principle place of business in Bacon County, Georgia. (Exhibit 1, ¶ 2). The contract was performed in Bay County, Florida. (Complaint, ¶ 8). Thus, under 28 U.S.C.A. § 1391(a) venue is clearly improper in the Northern District of Alabama, and dismissal of the Complaint is proper under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

**C.  In the alternative, venue should be transferred to the United States District Court, Northen District of Florida, Panama City Division, based on the Doctrine of Forum Non Conveniens**.

Transfer of venue is governed by 28 U.S.C.A. § 1404(a) which states:

> For the convenience of parties and witnesses, in the interest of justice, interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In evaluating motions for transfer of venue, the Court must engage in an "individualized, case-by-case consideration of convenience and fairness."  <u>Stewart Organization, Inc. v. Richoh Corp.</u>, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244, 101 L. Ed. 2d 22 (1988).  A court may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be [easiest, and] most expeditious and inexpensive."  <u>Howell v. Tanner</u>, 650 F.2d 610, 616 (5th Cir. 1981) (quoting <u>Gulf Oil Corp v. Gilbert</u>, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947), <u>cert</u>. <u>denied</u>, 456 U.S. 918, 102 S. Ct. 1775, 72 L. Ed. 2d 178 (1982)).

In addition, "an important consideration in deciding appropriate venue is whether a forum can meet the personal jurisdiction and venue requirements for the defendants."  <u>C.M.B. Foods, Inc. v. Corral of Middle Georgia</u>, 396 F. Supp. 2d 1283 (M.D. Ala. 2005) (citing <u>Home Insurance Co. v. Thomas Industries, Inc.</u>, 896 F. 2d 1352, 1358 (11th Cir. 1990) (other citations omitted)).

Specifically, in C.M.B. Foods, a contract action similar to the one at issue, the Court ruled a transfer of venue was appropriate where the acts and omissions which formed the basis of the Complaint occurred outside the State of Alabama. 396 F. Supp. 2d 1283. Further, a number of witnesses were located outside the State of Alabama. Id. In addition to these factors, the Court also recognized that personal jurisdiction of one of the Defendants, a resident of the State of Georgia who had no prior contact with the State of Alabama, was questionable. Id. Thus, a transfer of venue to the Southern District of Georgia was appropriate. Id.

In this case, Cannon is a Georgia limited liability company whose principle place of business is in Bacon County, Georgia, but doing business is Bay County, Florida. (Exhibit 1, ¶¶ 2, 14; Complaint ¶ 8). The contract at issue was performed in the State of Florida, Bay County, and the majority of the witnesses are located in the State of Florida in Bay County. (Complaint ¶¶ 8 & 9). Further, similar to the defendant in CMB Foods, Inc., Cannon does not have the minimum contacts with the State of Alabama necessary to subject it to personal jurisdiction in Alabama. Thus, there clearly exists a more appropriate forum outside the State of Alabama. The most convenient forum is the District Court for the Northern District of Florida, Panama City Division.

Therefore, in the alternative to dismissal of the Complaint, Cannon asserts this matter should be transferred to the Northern District of Florida, Panama City Division, which is a proper venue for this claim.

### Conclusion

For reasons explained herein, Cannon respectfully requests that the Complaint be dismissed based on lack of personal jurisdiction and improper venue. In the alternative, Cannon requests this matter to be transferred to the Northern District of Florida, Panama City Division, based on the doctrine of forum non conveniens. Cannon also requests that this motion be set for a hearing.

Respectfully submitted this  19th  day of April, 2007,

 s/ *Larry S. Logsdon*
Larry S. Logsdon
SJIS No. LOG009
E-mail: ll@wallacejordan.com

Michael L. Jackson
SJIS No. JAC026
E-mail: mlj@wallacejordan.com

Attorneys for Defendant
Cannon Lighting, LLC

Of Counsel:

Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
Voice: (205) 870-0555
Fax:   (205) 871-7534

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARTER CONSTRUCTION MANAGEMENT COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:07-CV-00125-MHT-WC ) ) |
| CANNON LIGHTING, LLC. d/b/a CANNON LIGHTING, INC. | ) ) ) |
| Defendant. | ) |

**Certificate of Service**

I certify that I have on this 19th day of April, 2007, served a copy of the foregoing on all counsel of record by electronically filing the same with the Clerk of the Court using the CM/ECF system which will send notification to the following:

    Russell C. Balch, Esq.
    John E. Searcy, Jr.
    Akridge & Balch, P.C.
    730 N. Dean Road, Suite 300
    P.O. Drawer 3738
    Auburn, AL  36831-3738

                                             s/ *Larry S. Logsdon*
                                             Larry S. Logsdon
                                             Wallace, Jordan, Ratliff & Brandt, L.L.C.
                                             Post Office Box 530910
                                             Birmingham, Alabama 35253
                                             Voice:  (205) 870-0555
                                             Fax:     (205) 871-7534
                                             E-mail:  mlj@wallacejordan.com
                                             SJIS Attorney No.  LOG009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARTER CONSTRUCTION MANAGEMENT COMPANY, INC., <br><br>　　　　Plaintiff,<br><br>v.<br><br>CANNON LIGHTING, LLC.<br>d/b/a CANNON LIGHTING, INC.<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　CASE NO. 3:07-CV-00125-MHT-WC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

EXHIBIT 1

## DECLARATION OF COREY ALLEN TYRE

I, Corey Allen Tyre, declare as follows:

1.　I am the Managing Member of Cannon Lighting, LLC, a defendant in this action. I make this declaration of my personal knowledge and could and would testify thereto under oath.

2.　Cannon Lighting, LLC is a registered Georgia limited liability company formed in December 2004, and currently maintains its principal place of business in Alma, Georgia.

3.　Cannon Lighting, LLC does not own or lease any real estate in Alabama.

4.　Cannon Lighting, LLC has no employees in Alabama.

5.　No member of Cannon Lighting, LLC or any person or entity authorized to accept service on behalf of Cannon Lighting, LLC, resides or maintains an office in the State of Alabama.

6.　Cannon Lighting, LLC does not pay any taxes in Alabama.

7.　Cannon Lighting, LLC does not have a mailing address, telephone directory listing, or office in Alabama.

8.　Cannon Lighting, LLC does not maintain any bank account in Alabama.

9. Cannon Lighting, LLC has never filed a lawsuit in Alabama and has never submitted to jurisdiction in the State of Alabama.

10. Cannon Lighting, LLC has never been qualified or licensed to do business in the State of Alabama.

11. To my actual knowledge, Cannon Lighting, LLC has not shipped and does not ship any goods for sale to Alabama.

12. Cannon Lighting, LLC has not derived substantial revenue from goods used or consumed or services rendered in the State of Alabama.

13. Cannon Lighting, LLC does not direct advertisement or solicitations to Alabama.

14. All deliveries under this contract took place in Florida at the job site.

I declare under penalty or perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on April 18th, 2007, in Acua, GA, Georgia.

Corey Allen Tyre