**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK　　　　　　　　　　　　　　　　　　　　　　　TELEPHONE (334) 954-3600

May 14, 2007

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:   Charter Construction Management Company, Inc. v. Cannon Lighting, LLC

Case Number:   3:07-cv-00125-MHT

**This Notice of Correction was filed in the referenced case this date to correct the PDF document previously attached by E-Filer to include the certificate of service.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 13   filed on   May 10, 2007.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **CHARTER CONSTRUCTION** ) | |
| **MANAGEMENT COMPANY, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3:07-CV-00125-MHT-WC |
| v. ) | |
| ) | |
| **CANNON LIGHTING, LLC,** ) | |
| d/b/a **CANNON LIGHTING, INC.** ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO DEFENDANT'S**
**MOTION TO DISMISS, OR IN THE ALTERNATIVE**
**MOTION TO TRANSFER VENUE**

**COMES NOW** the Plaintiff, by and through counsel, and requests that this Court deny Defendant's Motion to Dismiss and Motion to Transfer Venue. In support of its request, Plaintiff shows as follows:

I. Facts

Charter Construction Management Company, Inc. ("Charter") has a development project in Florida called Cabana West Property. After work had commenced, Charter was approached by Defendant regarding the Cabana West project. Defendant offered to provide light fixtures to Charter and a contract was executed between Charter and Defendant.

At all times relevant Charter was a corporation registered under the laws of the State of

1

Alabama and headquartered in Auburn, Alabama, which is in the Eastern Division of the Federal Middle District of Alabama. Charter employs approximately ten to fifteen employees. All employees of Charter work primarily from offices located at the corporate headquarters, in Auburn. Correspondence between Charter and Defendant were addressed to, or from, Charter's corporate headquarters, in Auburn.

## II.   Personal Jurisdiction

This Court has personal jurisdiction over Defendant. Personal jurisdiction over a defendant is established if jurisdiction "comports with (1) [Alabama's] long-arm statue and (2) the requirements of the due process clause of the Fourteenth Amendment to the United States Constitution." *South Alabama Pigs, LLC, v. Farmer Fenders, Inc., et al*, 305 F.Supp. 2d 1252, 1257 (M.D. Ala. 2004). Alabama's long-arm statute authorizes the assertion of personal jurisdiction to the limits of the United States Constitution. *See* Ala. R. Civ. P. 4.2(b).

The burden to establish personal jurisdiction is on Charter. *Oliver v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir. 1992), *cert denied*, 507 U.S. 983 (1993). To meet its burden, Charter "need only establish a prima-facie case of jurisdiction, and may do so by presenting evidence sufficient to defeat a motion for judgment as a matter of law. . . . " *South Alabama Pigs, LLC, v. Farmer Fenders, Inc., et al*, 305 F. Supp. 2d 1252, 1257 (M.D. Ala. 2004). Thus, Charter must provide "legally sufficient evidence . . . to create a genuine issue of material fact. . . . [and] the court . . . must take all allegations of the complaint that the defendant does not contest as true, and, where

2

the parties' affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff[s]." *Id.*

*Specific Jurisdiction*

Personal jurisdiction exists over Defendant pursuant to specific jurisdiction.[1] "A non-resident defendant may be subject to specific jurisdiction in a state when: (1) it has purposefully established minimum contacts with the forum state; and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, Oklahoma*, 245 F. Supp. 2d 1248, 1255 (N.D. Ga. 2000).

A.  Minimum Contacts

The first prong of the test for specific jurisdiction, the minimum contacts prong, must satisfy the following three factors:

> First, the plaintiff's cause of action must arise out of, or relate to, the nonresident defendant's contracts with the forum state. Second, the contacts must show that the nonresident defendant purposefully availed itself of the privilege of conducting activities within the forum state. Third, the defendant's contacts must demonstrate that the nonresident could reasonably anticipate being haled into court in th forum.

*Id.* (citing *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993)).

Charter asserts that the minimum contacts prong of specific jurisdiction is easily satisfied.

---

[1] Should this Court find that specific jurisdiction is lacking, Charter respectfully reserves the right to conduct limited discovery to determine whether contacts constituting general jurisdiction exist.

Defendant's contacts with Alabama are related to Charter's cause of action. Defendant entered into a contract with Charter. Charter's cause of action is based upon breach of the contract signed with Charter. *See, e.g., Id.* at 1256.

Applying the second and third factor of the minimum contacts prong, this Court must determine whether Defendant "purposefully availed itself of the privilege of conducting activities within the forum state, such that it could reasonably anticipate being haled into [an Alabama] court." *Id*. In *Paul Hastings*, the defendant initiated contact with the plaintiff and the court noted that the plaintiff "deliberately 'reached out beyond one state and created continuing relationships and obligations with citizens of another state.' Various decisions have relied heavily on the initiation of contact in finding a defendant subject to specific jurisdiction." *Id.* (quoting *Burger King Corp. v. Rudzeqicz*, 471 U.S. 462, 473 (1985)); citing, *e.g., Complete Concepts, Ltd. v. Gen. Handbag Corp.*, 880 F.2d 382, 389 (11th Cir. 1989).

Charter did not initiate contact with Defendant. Defendant learned of the Cabana West project from an independent party and Defendant purposefully contacted Charter and lobbied for work on the Cabana West project. Defendant bid the project and executed a contract with Charter. All bills from Defendant for good and services that were mailed to Charter's headquarters and were paid from Charter's headquarters. Correspondence regarding such labor and materials were addressed to Charter's headquarters. Telephone calls between Defendant and Charter were placed to individuals residing in Alabama. Thus, Charter avers that Defendant's contacts with Alabama

were not random, fortuitous, or attenuated, but were deliberate and purposeful; thereby satisfying the second and third factor of the minimum contacts prong.

### B. Fair Play and Substantial Justice

Jurisdiction over Defendants comports with fair play and substantial justice. "When minimum contacts have been established, often the interest of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the defendant." *Asahi Metal Indus. Co. v. Super Ct. of Calif.*, 480 U.S. 102, 114 (1987). Indeed, "[w]here a defendant who purposefully directed his activities at forum residents seeks to defeat jurisdiction, [it] must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

Traditional notions of fair play and substantial justice would not be offended because of the minimal burden on Defendant having to litigate this lawsuit in Alabama and because Alabama has a strong interest in the lawsuit. "Given the realities of the parties in this case, the location of the litigation will be inconvenient for one of them . . ." and modern transportation will greatly reduce this hardship. *Paul Hastings*, 245 F. Supp. 2d at 1258-59. Moreover, Alabama has a "significant interest in 'providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors.'" *Id.* at 1259; quoting *Burger King*, 471 U.S. at 473.

### III. Properness of Venue

Venue is proper in the Middle District of Alabama. Venue requirements are purely statutory.

5

Section 1391 of Title 28 of the United States Code governs venue in federal courts. In diversity actions, venue is proper in the district where one of the defendants reside, if all of the defendants resided in the same state, or in the district in which a substantial part of the claim arose, or in a district in which the defendants are subject to personal jurisdiction. *See* 28 U.S.C. § 1391(a). A corporation is deemed to reside **in any judicial district in which it is subject to personal jurisdiction** at the time the action is commenced, thereby equating the tests for personal jurisdiction and venue. *See* 28 U.S.C. § 1391(c).

Thus, for the same reasons that this Court has personal jurisdiction, venue is proper in the Middle District of Alabama.

### IV.   Transfer of Venue

Charter urges this Court to deny Defendant's motion to transfer venue. Charter recognizes that pursuant to 28 U.S.C. § 1404(a), a district court may transfer a case or proceeding in the interest of justice or for the convenience of the parties "to any other district or division where it might have been brought." Thus, transfer is within the discretion of the court. 28 U.S.C. § 1404(b). However, Charter maintains that this Court should refuse Defendant's request for transfer.

Charter employs Alabama residents. Thus, Charter avers that "the involvement of a [business] employing state residents means that [Alabama] is interested in the resolution of the dispute. Even if [Florida] law applies to the situation, this court is capable of applying it while protecting the state's interest in providing residents a convenient forum for redressing injuries" *Paul Hastings*, 245 F.Supp.2d 1248, 1259; *see, e.g., Williams Elec. Co., Inc. v. Honeywell, Inc.*, 854 F.2d 389 (11th Cir. 1988). Moreover, transferring this case to another forum will only shift the

6

inconvenience from Defendant to Charter. Worse, Charter asserts that Florida will likely will be no more convenient for Defendant, which is based in Georgia, and will be substantially more inconvenient for Charter. Thus, there is not a substantially more convenient forum than the Middle District of Alabama.

## V. Conclusion

Based upon the specific contacts Defendant made with Charter, which are the basis of Charter's cause of action, this Court has personal jurisdiction over Defendant. Similarly, venue is proper and the Middle District is the most convenient forum by which citizens of Alabama can protect their rights. Thus, Charter prays that this Court deny Defendant's Motion in its entirety.

Dated:   April 10, 2007                                                        /s/ John E. Searcy, Jr.
                                                                              Russell C. Balch (7451-A62R)
                                                                              John E. Searcy (4876-H63S)
                                                                              Attorneys for Plaintiff
                                                                              AKRIDGE & BALCH, P.C.
                                                                              730 North Dean Road; Suite 300
                                                                              Auburn, AL 36830

**CERTIFICATE OF SERVICE**

The undersigned certifies that copies of the foregoing were served on the following on by the methods indicated on the date shown below:

\_\_\_\_\_Deposit of same in the U.S. Mail in envelopes, with prepaid first class postage affixed thereto, directed to their addresses as set forth below.

\_\_\_\_\_Deposit of same in the mailbox(es) reserved for them in the office of the Circuit Clerk for Lee County, Alabama.

\_\_\_\_\_Fax of same to the fax number indicated below, being the fax number furnished by said person(s) or firm(s), or listed in the current issue of the Alabama State Bar Member Directory.

\_\_X\_\_Electronic mail of same to the email address indicated below, being the email address furnished by said person(s) or firm(s), or listed in the current issue of the Alabama State Bar Member Directory.

\_\_\_\_\_Hand-delivery: ☐ Open Court    ☐ Via Courier

Date of Service: April 11, 2007

---

Larry S. Logsdon
Wallace, Jordan, Ratliff & Brandt, LLC
P.O. Box 530910
Birmingham, AL 35253


AKRIDGE & BALCH, P.C.


\_\_\_\_/s/ John E. Searcy, Jr._____
John E. Searcy, Jr.
Attorney at Law