IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARTER CONSTRUCTION MANAGEMENT COMPANY, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case no. 3:07-CV-125-MHT-WC<br>)<br>) |
| CANNON LIGHTING, LLC.<br>d/b/a CANNON LIGHTING, INC. | )<br>)<br>) |
| Defendant. | ) |

## Reply to Plaintiff's Response to Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue

Plaintiff Charter Construction Management Company's response to Defendant Cannon Lighting's motion to dismiss or motion to transfer venue fails to satisfy Charter's burden of showing that this Court has personal jurisdiction over Cannon, and it also fails to demonstrate that the Northern District of Florida would not be a significantly more convenient venue.

**A. Charter has failed to demonstrate that Cannon's alleged contacts with Alabama are sufficient to satisfy the "minimum contacts" necessary to exert personal jurisdiction.**

   **1. The contract and the alleged invoices, correspondence, and telephone calls are insufficient to establish personal jurisdiction.**

The only contacts Charter alleges that Cannon has with Alabama relating to this case are a contract between Charter and Cannon, the addressing of invoices to

Charter's headquarters in Alabama, correspondence to Charter's headquarters in Alabama, and telephone calls between Cannon and individuals employed by Charter who reside in Alabama.  (Aff. of Collin Carter.)  However, the allegation concerning telephone calls does not specifically say the Alabama residents employed by Charter who were on the telephone calls with Cannon were in Alabama during the telephone calls or that Cannon initiated the telephone calls.  Regardless, even if the calls were from Cannon to Charter employees in Alabama, these allegations are insufficient to show sufficient contacts with Alabama by Cannon for personal jurisdiction.  "A contract with an out-of state resident is insufficient, standing alone, to establish minimum contacts in that out-of-state forum."[1]  Courts have held that "the use of interstate facilities (telephone, the mail), [and] the making of payments in the forum state . . . are secondary or ancillary factors and cannot alone provide the 'minimum contacts' required by the due process clause."[2]

---

[1] Burger King v. Rudzewicz, 471 U.S. 462, 478-79, 105 S. Ct. 2174 85 L. Ed 2d 528 (1985); see also, Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A., 792 F.2d 989, 993 (11th Cir. 1986).

[2] Steel Processors, Inc. v. Sue's Pumps, Inc. Rentals, 622 So. 2d 910, 913 (Ala. 1993) (quoting Scullin Steel Co. v. National Ry. Utilization Corp., 676 F.2d 309, 314 (8th Cir. 1982)) (emphasis added by court in Steel Processors); see also Charia v. Cigarette Racing Team, Inc., 583 F.2d 184, 188 (5th Cir. 1978); Benjamin v. Western Boat Building Corp., 472 F. 2d 723, 729 (5th Cir.), cert. denied, 414 U.S. 830, 94 S. Ct. 60, 38 L. Ed. 2d 64 (1973); Zakaria v. Safani, 741 F. Supp. 1263, 1266-67 (S.D. Miss. 1990) ("Jurisdiction in this case is sought to be predicated on nothing more than a single telephone call and the mailing of a check to Mississippi. . . . [I]n the case at bar, when considered in the context of the events surrounding the parties'

In Benjamin v. Western Boat Building Corp., 472 F. 2d 723 (5th Cir. 1973), a Louisiana resident who purchased a boat from a Washington boatbuilder sued the boatbuilder in Louisiana. The only contacts of the defendant boatbuilder with Louisiana were a few letters and telephone conversations concerning the sale and the receiving and executing of a contract in Washington that was signed by the plaintiff/purchaser in Louisiana. Benjamin, 472 F. 2d at 729-30. In finding no personal jurisdiction, the court noted, among other facts, that the plaintiff, through its agent, initiated contact with the boatbuilder, that defendant's bid to manufacture was delivered to plaintiff in another state, and that defendant delivered to the plaintiff outside the forum state. Id. at 730-1. Charia v. Cigarette Racing Team, Inc., 583 F.2d 184, 186-89 (5th Cir. 1978), was decided on almost identical grounds.

2. **Charter's incorrect allegation that Cannon unilaterally initiated contact with Charter is insufficient to establish personal jurisdiction in Alabama over Cannon, even if the allegation were true.**

While Charter also alleges that Cannon "unilaterally" initiated contact with Charter, (a) this is untrue, (b) Charter does not allege where the contact was initiated, and (c) even if true, it doesn't matter.

---

transaction, defendant's conduct which had some connection to Mississippi must be considered de minimis; it cannot be said that this defendant engaged in affirmative acts to purposefully avail himself of the benefits and protections of Mississippi law.").

The affidavit of Jody Costner shows that Collin Carter, whose affidavit was submitted by Charter, did not have personal knowledge of the initial contact between Charter and Cannon, and that his statement that Cannon "unilaterally contacted Charter regarding Cannon Lighting's interest in providing materials and labors to Charter for its Cabana West project" is incorrect. Charter, through Bill Bach, the initial project manager for the Cabana West project (the "Project"), contacted Jody Costner, an independent contractor who put together quotes and offers on behalf of Cannon, to discuss the lighting fixtures and other related technical issues for the Project. (Aff. of Jody Costner, at ¶¶ 1-2.) During a lunch meeting with Costner, Bach requested a quote for the provision of lighting fixtures for the Project from Costner. (Costner Aff. at ¶ 2.) Following discussions with Cannon and reviewing the plans and drawings provided to them by Bach, Costner responded to Charter's request for a quote by submitting a quote to Charter on Cannon's behalf. (Costner Aff. at ¶¶ 2-3; Aff. of Corey Allen Tyre.) Sometime thereafter, Charter submitted a purchase order to Cannon. (Costner Aff. at ¶ 3.) Thus, Charter, through Bill Bach, initiated contact with an Costner, acting as an agent of Cannon, in Florida.

It should be noted that the Collin Carter affidavit does not allege that it is based on personal knowledge and does not allege <u>where</u> the contact between Charter and Cannon was initiated. The Collin Carter affidavit is therefore insufficient to support Charter's contentions that Cannon has sufficient minimum contacts with Alabama,

4

that Cannon purposely availed itself of some privilege of conducting activities within Alabama, or ultimately that this Court has personal jurisdiction over Cannon.

Furthermore, the allegations of Charter, even if true, are insufficient to establish personal jurisdiction over Cannon in Alabama. While some cases place great weight on the fact that the defendant opposing jurisdiction initiated contact with the plaintiff, those cases do not hold that a non-resident defendant who initiates contact in a state other than the forum state with a plaintiff who is a resident in a forum state for a transaction that will be performed wholly or substantially in a state other than the forum state has established minimum contacts with the forum state or purposely availed itself of the laws or privilege of conducting activities in the forum state.

Charter relies heavily on Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, OK, 245 F. Supp. 2d 1248 (N.D. Ga. 2002) ("Paul Hastings"), noting that the defendant in that case initiated unsolicited contact with the plaintiff in the forum state and that the court held there was personal jurisdiction over the defendant Oklahoma municipality in Georgia. However, there are several distinguishing factors between Paul Hastings and the present case. In Paul Hastings, the Oklahoma defendant initiated contact with the Georgia plaintiff to perform work in Georgia (the forum state) on its behalf related to litigation in Oklahoma. Unlike Paul Hastings, in the present case, despite Charter's allegation shown above to be erroneous, contact was

5

actually initiated by the Plaintiff, not the Defendant. Even if contact were initiated by Defendant Cannon, unlike <u>Paul Hastings</u>, all the evidence before the Court shows that it was initiated in a third state, Florida, not the home state of the Plaintiff, Alabama. Additionally, the subject of the contract in the present case involved performance of a one-time project of providing lighting fixtures in a state other than the forum state (Florida) — not, as was the case in <u>Paul Hastings</u>, a long-term, continuing relationships with residents of the forum state performing services for the defendant in the forum state. <u>Paul Hastings</u>, 245 F. Supp. 2d at 1257. As such, the contacts with and purposeful availing of the forum state in <u>Paul Hastings</u> was significant, while in the present case it is minuscule if not nonexistent.

    Charter also cites to <u>Complete Concepts, Ltd. v. General Handbag Corp.</u>, 880 F.2d 382 (11th Cir. 1989), but that case is similarly significantly distinguishable. It involved a Florida-based defendant that "reached out beyond Florida, creating an <u>ongoing business relationship</u> with Complete," which was based in the forum state of Georgia and engaged in services for the defendant in Georgia such as designing and marketing handbags for nearly two years. <u>Complete Concepts</u>, 880 F.2d at 384-85, 389 (emphasis added). The present case is a situation where a Georgia company, Cannon, and an Alabama company, Charter, got together in Florida for a one-time transaction on a project done in Florida. It is very different from either <u>Complete Concepts</u> or <u>Paul Hastings</u>.

Indeed, even if Charter's erroneous allegation that Cannon initiated the contact with Charter, that this does not result in sufficient contacts or the purposeful availment needed to establish personal jurisdiction is demonstrated by the case of <u>Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.</u>, 792 F.2d 989 (11th Cir. 1986). In <u>Sea Lift</u>, agents of the Costa Rican defendant, RECOPE, went to Florida and solicited the services of the Florida plaintiff, Sea Lift, for performance outside of Florida. The Eleventh Circuit held that this was not sufficient to establish personal jurisdiction:

> A direct solicitation by a foreign defendant of the business of a forum resident has been held to be "purposeful availment" in cases where <u>either</u> a <u>continuing relationship</u>, . . . or some <u>in-forum performance</u> on the part of the plaintiff . . . . Here, RECOPE sought Sea Lift's assistance in a one-shot operation. Although some in-Florida preparation by Sea Lift was perhaps foreseeable, Sea Lift's duties were to be performed exclusively in Costa Rica. This is not a case in which solicitation rose to the level of purposeful availment.

<u>Sea Lift</u>, 792 F.2d at 994 (emphasis added; citations and footnotes omitted).

The present case fits under the <u>Sea Lift</u> reasoning, as there was no "continuing relationship" or "in-forum performance" in Alabama. As such, this Court should follow <u>Sea Lift</u>, not the cases relied upon by Charter, and hold that there this Court has no personal jurisdiction over Cannon.

>  **3.    Charter has presented no substantial evidence to meet its burden of showing jurisdiction, and it should not be allowed another chance to do so.**

Charter correctly states in its response that the burden to establish personal jurisdiction is on Charter and that it must do so with evidence that would be sufficient to get the issue to a jury. However, Charter has not met its burden. The only "evidence" it has presented is the "affidavit of Collin Carter. As noted above, that "affidavit" does not purport to be based on personal knowledge, and the affidavits submitted by Cannon show that the allegations of Collin Carter concerning the initiation of contact are not based on his personal knowledge because the project manager for Charter at the time was Bill Bach. (See Tyre and Costner affidavits.)

Moreover, the Collin Carter "affidavit" does not allege where the initiation of contact between Charter and Cannon took place, and the only connections it shows between Cannon and Alabama are telephone calls and mail to Charter in Alabama. As such, Charter has failed to present sufficient evidence to show personal jurisdiction over Cannon in Alabama.

In footnote 1 on page 3 of Charter's response, Charter says that should the Court find specific jurisdiction is lacking, it "reserves the right to conduct limited discovery to determine whether contacts constituting general jurisdiction exist." Charter should not be allowed two bites at the apple. Cannon has placed personal jurisdiction at issue by its motion. It is Charter's burden to present substantial

evidence that this Court has personal jurisdiction over Cannon. If the Court finds that Charter has failed to meet that burden, it should dismiss the action for lack of jurisdiction, not give Charter another chance to meet its burden.

**B.**     **Alternatively, venue should be transferred.**

Even if this Court concludes that personal jurisdiction exists over Cannon, it should transfer venue of the case to the United States District Court, Northen District of Florida, Panama City Division. Charter contends that venue in Florida would not be any more convenient for Cannon than in Alabama, and would be more convenient for Charter in Alabama, so venue should stay in Alabama. The problem with this argument is that venue would not be just as convenient in Alabama as Florida for Cannon. Cannon does significant business in Bay County, Florida. It is significantly more convenient for Cannon to litigate there. Even if the de minimus contacts Cannon had with Alabama as part of its transaction with Charter are enough to establish personal jurisdiction, it has not been shown that Cannon has done any other business in Alabama. Clearly, Charter does business in Florida where the project at issue in this lawsuit was performed. It would be no more inconvenient for Charter to litigate this case in Florida than it was for Charter to do a construction project in Florida. As such, Florida is a significantly more convenient forum, and if personal

jurisdiction exists in this Court as to Cannon, the case should still be transferred to Florida.

## Conclusion

For reasons explained herein and in its Motion to Dismiss or, in the Alternative, Motion to Transfer Venue, Cannon respectfully requests that the Complaint be dismissed based on lack of personal jurisdiction and improper venue. In the alternative, Cannon requests this matter to be transferred to the Northern District of Florida, Panama City Division, based on the doctrine of forum non conveniens.

Respectfully submitted on May 21, 2007,

                                s/ *Larry S. Logsdon*
                                Larry S. Logsdon
                                SJIS No. LOG009
                                E-mail: ll@wallacejordan.com

                                Michael L. Jackson
                                SJIS No. JAC026
                                E-mail: mlj@wallacejordan.com

                                Attorneys for Defendant
                                Cannon Lighting, LLC

Of Counsel:

Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
Voice:  (205) 870-0555
Fax:     (205) 871-7534

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARTER CONSTRUCTION MANAGENT COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.  3:07-CV-00125-MHT-WC ) ) |
| CANNON LIGHTING, LLC. d/b/a CANNON LIGHTING, INC. | ) ) ) |
| Defendant. | ) |

### Certificate of Service

I certify that I have on May 21, 2007, served a copy of the foregoing on all counsel of record by electronically filing the same with the Clerk of the Court using the CM/ECF system which will send notification to the following:

    Russell C. Balch, Esq.
    John E. Searcy, Jr., Esq.
    Akridge & Balch, P.C.
    730 N. Dean Road, Suite 300
    P.O. Drawer 3738
    Auburn, AL  36831-3738


    s/ *Larry S. Logsdon*
    Larry S. Logsdon
    Wallace, Jordan, Ratliff & Brandt, L.L.C.
    Post Office Box 530910
    Birmingham, Alabama 35253
    Voice:  (205) 870-0555
    Fax:    (205) 871-7534
    E-mail: mlj@wallacejordan.com
    SJIS Attorney No.  LOG009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARTER CONSTRUCTION MANAGEMENT COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | CASE NO. 3:07-CV-00125-MHT-WC ) ) |
| CANNON LIGHTING, LLC. | ) ) |
| Defendant. | ) |

### Affidavit of Corey Allen Tyre

Corey Allen Tyre, the undersigned deponent, being over the age of nineteen, does hereby depose and say under oath as follows:

The following statements are of my personal knowledge.

I am the Managing Member of Cannon Lighting, LLC, a defendant in the above-captioned lawsuit. The first time Cannon Lighting heard about Charter Construction Management Company and the Cabana West project was by a phone call from Jody Costner. Cannon Lighting did not make any contact with Charter Construction Management before the meeting Mr. Costner had with Bill Bach. Based on the plans and drawing that were provided to Mr. Costner, we discussed various lighting fixtures necessary for the project and put together a quote for the project. Cannon Lighting directed Jody Costner to submit the quote on behalf of Cannon Lighting.

Done this the 21st day of May, 2007.

_____
Corey Allen Tyre

STATE OF __Georgia__ )
COUNTY OF __Bacon__ )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that Corey Allen Tyre, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand, this 21st day of May, 2007.

_____
Notary Public

My Commission Expires Oct. 29, 2008

My commission expires: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARTER CONSTRUCTION MANAGEMENT COMPANY, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 3:07-CV-00125-MHT-WC<br>) |
| CANNON LIGHTING, LLC. d/b/a CANNON LIGHTING, INC. | )<br>)<br>) |
| Defendant. | ) |

### Affidavit of Jody A. Costner

Jody A. Costner, the undersigned deponent, being over the age of nineteen, does hereby depose and say under oath as follows:

1. This statements in this affidavit are based on my personal knowledge. I am an independent contractor and consultant, offering knowledge and experience in the lighting and lighting fixtures area of construction, and I put together quotes and offers for Cannon Lighting, LLC on a regular basis for projects in Florida. I drafted the quote for the lighting fixtures for the Cabana West project at issue in this case.

2. My first contact with this project and, through me, Cannon Lighting's first contact with this project, was a phone call from Mr. Bill Bach, the initial project manager for the Cabana West project. Mr. Bach had obtained my name from an electrical contractor bidding on the Cabana West project. He telephoned me to discuss some questions and technical issues about the lighting and lighting fixtures in the plans. Over the phone, I explained to him the services I provided, and he requested to meet me in person over lunch at Sonny's BBQ in Panama City Beach, Florida. During the course of the lunch, he asked me if I would put together an offer to provide the lighting fixtures for the Cabana West project. Within a few days following that lunch, Mr. Bach provided me with the plans and drawings for the project so that I could put together the quote for the project.

3. At the time, I was providing quotes almost entirely on behalf of Cannon Lighting. After discussions with Cannon Lighting regarding the project, and within approximately 5 to 10 working days after my lunch with Mr. Bach, I submitted the quote on Cannon Lighting's behalf. Following the submission of the quote and providing submittals to Mr. Bach to review, Mr. Bach indicated to me that everything was in order and that Cannon Lighting would be getting an order. A Purchase Order was received by Cannon Lighting shortly thereafter.

4. Several months after providing the quote, I went to the job site and found out that Bill Bach and his brother were no longer working there. Soon after that, I received a phone call from Collin Carter regarding our quote. This was the first time I had heard of or spoken to Collin Carter.

Done this the 18th day of May, 2007.

_____
Jody A. Costner

STATE OF _Florida_ )

COUNTY OF _Bay_ )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that Jody A. Costner, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand, this _18th_ day of May, 2007.

_____
Notary Public

My commission expires: 

(SEAL)